LEON WALKOWITZ and ROSA WALKOWITZ, complainants-appellants,

*v.*

HARRY WALKOWITZ, defendant-respondent.

[Submitted June 19th, 1923.   Decided November 19th, 1923.]

1. A certificate of acknowledgment made by a duly authorized officer is *prima facie* evidence that the grantors therein named executed the instrument to which it is attached as their voluntary act and deed.

2. Both of the grantors named in a deed denied that they executed it and sought to have it set aside for that reason. The certificate of acknowledgment is in due form and the grantee, his wife and the master who certified to the acknowledgment, all testified that they saw the grantors execute the deed; and four other witnesses, three of them disinterested, testified to acts and circumstances, including the subsequent payment of rental for part of the premises by the grantors, which indicated conduct highly persuasive of the conclusion that the grantors had parted with the title to the grantee. *Held*, that the manifest weight of the evidence clearly established the fact that the grantors actually executed the deed.

3. Possession of a deed by the grantee, duly executed and acknowledged by the grantor, is presumptive evidence of the delivery thereof at the date of the acknowledgment.

4. Acts or declarations of the grantor and grantee, which, taken in connection with the surrounding circumstances, indicate that the parties intended to deliver the deed, and believed that they had done so, will be held to be a delivery.

On appeal from a decree of the court of chancery dismissing the bill of complaint.

*William Everett,* for complainant-appellant.

*Filbert L. Rosenstein,* for defendant-respondent.

The opinion of the court was delivered by

ACKERSON, J.

This is an appeal from a decree of the court of chancery dismissing a bill of complaint filed by the appellants, Leon Walkowitz and Rosa, his wife, to set aside a deed purporting to have been executed and delivered by them to the respondent, Harry Walkowitz, a brother of the appellant, Leon Walkowitz, for certain lands in the city of Paterson, upon the ground that the appellants had never executed the deed. The premises described in the deed had theretofore been held by the appellants as tenants by the entirety, and the deed bears date January 22d, 1921, and purports to have been acknowledged by each of the appellants before Abram Klenert, a master in chancery of this state, on the same day, and his certificate of acknowledgment, as such master, appears in due form upon the deed. He also signed the same as the subscribing witness to the execution thereof by the appellants, both of whom were illiterate and unable to write their names in English, and the deed purports to have been signed with their respective marks.

In this state a certificate of acknowledgment made by a duly authorized officer is *prima facie* evidence that the grantors therein named executed the instrument to which it is attached, as their voluntary act and deed. *March* v. *Mitchell, 26 N. J. Eq. 497; Colonial Bldg. Assn.* v. *Griffin,*

*85 N. J. Eq. 455,* and *Oppenheim* v. *Oppenheim, 91 N. J. Eq. 160.*

The only evidence offered by the appellants to overcome the presumption of the due execution of the deed in question is the testimony of the appellants themselves, both of whom testified that they did not sign the deed nor affix their marks thereto. As against this evidence, however, we have the direct and positive testimony of three witnesses who swore that they saw the appellants affix their marks to the deed. These witnesses are the respondent, his wife, Eva Walkowitz, and Abram Klenert, the master in chancery in whose office the transaction is alleged to have taken place, and who has not been shown to have any interest in this controversy.

The respondent and his wife testified that they were both present in the office of Abram Klenert on January 22d, 1921, and saw both of the appellants execute the deed in question, by writing their crosses thereon, and that the respondent bought the property from the appellants for $4,600, of which $1,000 was paid in cash, $2,200 represented a first mortgage on the property, payment of which was assumed, and the remaining $1,400 was secured by a bond and second mortgage on the premises made by the respondent and his wife to the appellants, which the appellants admit were later turned over to them in an envelope addressed to them and bearing the name and office address of the master in chancery, Abram Klenert, and were produced by them at the hearing of this cause. Eva Walkowitz further testified that the respondent paid $100 on account of the principal of this mortgage, and produced a receipt for $100, which the appellant Rosa Walkowitz admitted had been signed by her.

Abram Klenert, a reputable member of the bar of this state, testified that a few days prior to January 22d, 1921, the appellant Leon Walkowitz came to his office with his brother, the respondent, and directed the preparation of the deed in question and the $1,400 bond and mortgage, and that on January 22d, 1921, both of the brothers and their wives came to his office and executed the papers. He testified in detail as to what happened on this occasion and how the

appellants made their crosses on the deed in question, and he related how after the papers had been prepared the brothers agreed that the appellant Leon Walkowitz should remain in possession of a part of the premises, as tenant of his brother, the respondent, and that because of a reduction made in the rent no interest was to be charged on the bond and mortgage, which necessitated the redrafting thereof, and that at the close of the transaction the papers were left with him to attend to the recording thereof, which he did, and that it was agreed that the respondent should pay, and he later did pay, the whole cost of preparing and recording the same.

In addition to these witnesses who testified directly to the execution of the deed by the appellants, the respondent produced the teller of the Hamilton Trust Company at Paterson, who testified that on January 22d, 1921, the sum of $1,000 was transferred at his institution from the account of the respondent to that of the appellant Leon Walkowitz; respondent's daughter testified that she collected rent from her uncle, Leon Walkowitz, for a part of the premises in question for about half a year after the transfer in question and turned it over to her mother, the respondent's wife, and two of the tenants of other parts of the same premises also testified that after the date of the alleged transfer of title the appellant Leon Walkowitz came to each of them with the respondent's wife and told them that he had sold the property and that they should pay the rent to her, and to each of these tenants he explained that he had sold the house to his brother because it was too much expense and he couldn't fix it.

The appellant Leon Walkowitz admitted that his brother, the respondent, came to see him about purchasing the property and that he gave his brother the old title deeds, and that the respondent later told him to go to Abram Klenert's office, which he did on two different occasions, just before the date of the deed in question, but did not find him in, and both appellants admit that after the date of the transaction in question they began paying rent to the respondent

for that part of the premises continued to be occupied by them, and continued to do so until the appointment of the receiver in this cause. Thus the appellants by their own conduct give the ring of truth to the respondent's testimony, and we find no difficulty in concluding that the manifest weight of the evidence clearly establishes the fact that the appellants actually executed the deed in question.

The appellants further contend that there was no delivery of the deed from the appellants to the respondent and hence the transfer of title was never completed. This question is not raised by the pleadings, but it may, nevertheless, be answered briefly. The rule is well established that the possession of a deed by the grantee, duly executed and acknowledged by the grantors, is presumptive evidence of the delivery therof at the date of the acknowledgment. *Benson* v. *Woolverton, 15 N. J. Eq. 158; Terhune* v. *Oldis, 44 N. J. Eq. 146,* and *Collins* v. *Collins, 45 N. J. Eq. 813.* The appellants having confined their proof to their contention that the deed was never executed, and this issue having been found against them, thereby establishing that the deed was duly executed, the presumption of delivery, raised by the presence of the certificate of acknowledgment in due form and the custody of the deed by the grantee is unshaken. Furthermore, the delivery of a deed is a matter of intention, rather than action in definite form. Acts or declarations of the grantor and grantee, which, taken in connection with the surrounding circumstances, indicate that the parties intended to deliver the deed, and believed that they had done so, will be held to be a delivery. *Hildebrand* v. *Willing, 64 N. J. Eq. 249.* So, in the instant case, the facts and circumstances already related clearly show that it was the intention of the appellants to make a delivery of the deed.

The conclusions of the vice-chancellor are amply sustained by the evidence and the decree must be affirmed.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK—11.

*For reversal*—None.