MANSOUR NASSER, PLAINTIFF-RESPONDENT, v. JACOB R. METSKY, DEFENDANT-APPELLANT.

Submitted October term, 1935—Decided May 15, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Cohen & Klein* (*Philip Klein* and *Harry Lieb*, of counsel).

For the respondent, *Sidney A. Bierman* (*Nicholas Albano*, of counsel).

The opinion of the court was delivered by

HEHER, J. By deed dated November 30th, 1923, and acknowledged the following day, defendant conveyed to plaintiff certain lands in the city of Newark. It contained a warranty against encumbrances, viz.: that the lands, "at the time of the sealing and delivery of these presents, are not encumbered," and so forth. Taxes assessed for the year 1923 were then unpaid, and did not become a lien until December 1st, the day the deed was acknowledged; and the question for decision is whether plaintiff is entitled to reimbursement for the moneys paid in satisfaction of that lien. We think that he is.

While the agreed case shows that the "title was closed" on November 30th, it was manifestly the intention of the parties that taxes for the current year should be paid by the vendor.

Plaintiff introduced, without objection, evidence that he paid to defendant his proportionate share of the taxes for that year, and that the latter undertook to make payment thereof to the municipality. Moreover, defendant, at the closing of title, executed and delivered to plaintiff an "affidavit of title," wherein he deposed that the premises "are now free and clear of all taxes, incumbrances or liens by mortgage, decree, judgment, or by statute, * * *." The District Court judge, sitting without a jury, found as a fact that the vendor undertook to pay the taxes in dispute; and there was evidence to support the finding.

The sole point made by defendant is that there was no breach of the covenant against incumbrances contained in the deed, inasmuch as the lien did not attach to the lands until December 1st. But the presumption is that the deed was delivered on the day of the date of the acknowledgment. *Walkowitz* v. *Walkowitz,* 95 *N. J. Eq.* 249; 122 *Atl. Rep.* 835. The agreed case shows that the District Court judge, in reaching his determination, was "guided by the deed and affidavit of title." We conclude from this that he found the deed was not delivered until December 1st; and there was evidence to support that finding.

The judgment is therefore affirmed, with costs.