39 N.J. Super. 183 (1956)
120 A.2d 638
BUILDERS FAIR, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
WARREN YOUMANS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1956.
Decided February 16, 1956.
*184 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. M. Marvin Soperstein argued the cause for appellant (Mr. Louis C. Jacobson, of counsel).
Mr. Robert V. Carton argued the cause for respondent (Mr. Edwin J. Fox, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
The factual findings announced by the trial judge in his oral decision of this action reveal that in April or May 1954 negotiations began between the defendant and Daniel Zager and Malcolm Scharf contemplating that the defendant would erect upon his plot of land situate on State Highway Route 35 in the Township of Ocean, Monmouth County, a building of a specified design and let it upon completion for a term of ten years to a company to be organized by Zager and Scharf. On August 5, 1954 the *185 plaintiff, Builders Fair, Inc., was chartered, of which Zager and Scharf became officers. A written lease bearing date August 11, 1954 embodying the terms of the negotiations relative to the tenancy was composed for execution by the defendant and the corporate plaintiff.
But the trial judge determined that the negotiations had encompassed the mutual understanding that a mortgage loan was to be solicited by the defendant with which to defray a substantial part of the cost of constructing the building, and that the lease would not be effectuated by delivery until the requisite loan had been assured.
Indeed, discoverable in the draft of the lease is paragraph 22, which reads:
"Twenty-second: No rights are to be conferred upon the Tenant until this lease has been signed by the Landlord, and an executed copy of the lease has been delivered to the Tenant."
The defendant, however, acknowledged his execution of the lease on August 11, 1954 and its execution on behalf of the plaintiff was completed on August 12, 1954, and for the reason that the desired construction mortgage had not yet been granted, the attorney of the defendant declined to relinquish from his custody a copy of the lease to the representatives of the plaintiff. A granting of the anticipated loan did not eventuate, and an executed copy of the tentative lease was not released by the defendant's attorney and transported to the plaintiff.
Although the foregoing is obviously intended only to be an epitome of the findings of fact of paramount significance, we conclude that the court's factual findings were adequately supported by, and not discordant with, the weight of the evidence adduced at the trial. "When a finding of fact is amply supported by the evidence it will not be disturbed on appeal." Spagnuolo v. Bonnet, 16 N.J. 546, 555 (1954).
The plaintiff prosecuted this action (a) to replevy a copy of the lease so conditionally executed; (b) to oblige the defendant to specifically perform its terms, or (c) respond in damages. The judgment was granted to the defendant. *186 The fundamental issue appears to have been whether in the circumstances there had been a delivery of the lease.
The two grounds of appeal predominantly advocated on behalf of the plaintiff are (1) that the acknowledgment in the conventional form and substance taken of the defendant in which he declared that he signed, sealed and delivered the instrument as his voluntary act and deed, for the uses and purposes therein expressed, constituted conclusive evidence of the delivery of the lease in the absence of fraud, collusion, forgery, or other misrepresentation by the plaintiff, and (2) that except for the purpose of proving any such invalidating cause, parol evidence was inadmissible to contradict its statements.
Assuredly the existence of an intention to deliver a written legal instrument by the party to be thereby obligated is an essential constituent of a valid delivery. Vide, Krysztofel v. Krysztofel, 1 N.J. Super. 381 (Ch. 1948); Straut v. Hollinger, 139 N.J. Eq. 206 (Ch. 1947). Here the words and acts of the defendant and of his attorney evinced the intention to retain possession and control of the document until the occurrence of a future event. Cf. Rommell v. Happe, 93 N.J. Eq. 383 (Ch. 1921). Here, also, it has been factually determined that the conditional deferment and suspension of the delivery of the lease was in accord with the prior mutual understanding of the parties.
Suffice to state that in our jurisdiction a certificate of acknowledgment is not judicially accorded the conclusiveness with respect to the declarations therein contained for which the plaintiff contends. It is deemed only to be prima facie evidence of its contents. The truth of the certificate may be disproved. Marsh v. Mitchell, 26 N.J. Eq. 497 (Ch. 1875), affirmed 27 N.J. Eq. 631 (E. & A. 1876); Rommell v. Happe, supra; Potter v. Steer, 95 N.J. Eq. 102 (Ch. 1923); Walkowitz v. Walkowitz, 95 N.J. Eq. 249 (E. & A. 1923); Dencer v. Erb, 142 N.J. Eq. 422, 426 (Ch. 1948); N.J.S.A. 2A:82-17.
Certainly parol evidence is admissible to disclose that no valid, effective, and binding contract ever came into *187 existence. In the present instance, the parol evidence rather affirms than contradicts the provision expressed in paragraph 22 of the proposed lease as composed.
The judgment under review is affirmed.