HUBER *vs.* DIEBOLD and others.

1. Where, at the reference before a master, an encumbrancer finds that a co-defendant, also holding an encumbrance upon the mortgaged premises, claims an unjust priority over him, and nothing has appeared in the case to lead him to suppose that such priority would be claimed, and he is unable effectually to litigate the matter and resist the claim before the master, the court will, if necessary to his protection, and to effectuate the ends of justice, give him leave to file a cross-bill.

2. In the absence of proof as to the time of delivery of a deed, the presumption is, that it was delivered on the day of its date.

3. If, by agreement, a deed is to be delivered at a future day, and the vendor takes a purchase money mortgage on the land, but does not record it before the day on which the deed is to be delivered, and the deed is not delivered before that day, and, in the meanwhile, the purchaser erects buildings on the land, the estate of the vendor is not subject to a lien for materials used in the construction of such buildings, and the purchase money mortgage is entitled to priority over the lien claim.

On exceptions to master's report.

*Mr. Borcherling,* for exceptant.

*Mr. B. A. Vail,* contra.

THE CHANCELLOR.

This is a foreclosure suit. The mortgaged premises are land in Rahway, in the county of Union, on which are a dwelling-house, brewery, and other buildings. There is no controversy as to the complainant's mortgage, which is admitted to be the first encumbrance. But the defendant, Christopher Trefz, claims that the master should have reported that his mortgage is next in order of priority, whereas he has reported that a lien claim in favor of Ayres, Lufbery & Co., is next, and that the mortgage of Trefz is third. To the report in this respect, exception is taken. It appears that Trefz purchased the mortgaged premises at sheriff's sale, and that they were conveyed to him, accordingly, by deed, dated June 5th, 1869. He subsequently, verbally agreed with Diebold and his wife, to sell the property to the latter. He was to take a mortgage for part of the purchase money, and it was part of the agreement, that the complainant's mortgage should have priority over his. The complainant's mortgage is dated June 1st, 1870, and was recorded on the 15th of August following. The mortgage to Trefz is also dated June 1st, 1870, but was not recorded until the 27th of December, in that year. The deed from Trefz to Mrs. Diebold is dated

on the 22d of March, 1870, was acknowledged on the 7th of June following, but was not recorded until the 15th of February, 1871. The lien claim of Ayres, Lufbery & Co., was filed against Diebold and his wife, to compel payment for certain building materials furnished, as they allege, to Mrs. Diebold, between the 18th of October, 1870, and the 18th of October, 1871, and used in building an addition to the brewery. Under proceedings on this claim, a judgment, general as to Diebold and wife, and special as to the premises (part of the mortgaged premises) described in their claim, was entered in the Union Circuit Court, on the 14th of February, 1872, for $688.03. Execution against the premises was issued on the judgment, on the same day.

Trefz excepts to the report, because the master has given to this claim priority over his mortgage. He alleges and insists that the deed from him to Mrs. Diebold, was not delivered until after the greater part of the materials for which the lien was claimed was furnished; that he had no notice of this lien claim, and that, as to him, it is a nullity, and cannot prevail against his mortgage. But the evidence before the master did not establish the fact that the deed to Mrs. Diebold was not delivered until after the greater part of the materials were furnished. As before stated, that deed is dated on the 22d of March, 1870. It was acknowledged on the 7th of June, 1870, but was not recorded until February 15th, 1871. It does not appear when it was delivered. The materials for which the lien was claimed were furnished, according to the bill of particulars, between September 28th, 1870, and January 27th, 1871—both days inclusive. From the evidence before him, the master would not have been justified in finding that the deed to Mrs. Diebold was not delivered until after these materials were furnished. In the absence of proof as to the time of its delivery, the presumption is, that a deed was delivered on the day of its date. The exception must, therefore, be overruled.

The complainant's counsel insists that the lien claim cannot be attacked by Trefz, because he has not set up any defence

to it in his answer. There is nothing, it may be remarked, in the statement of the claim of Ayres, Lufbery & Co., in the bill of complaint, to induce Trefz to suppose that they would claim that their lien is entitled to priority over his mortgage. A creditor, in such a case as this, may find, to his surprise, on going before the master, that his co-defendant, also an encumbrancer, claims an unjust priority over him. He may, or he may not, be able effectually to litigate the matter, and resist the claim there. If, in such case, it should be necessary to his protection, and to effectuate the ends of justice, the court would give him leave to file a cross-bill. *Story's Eq. Pl.*, §§ 396, 397 ; *Latouche* v. *Dunsany,* 1 *Sch. & Lef.* 137, 149.

If the deed was not delivered until the 27th of December, the case would seem to be within the ruling of this court in *The National Bank of the Metropolis* v. *Sprague,* 5 *C. E. Green* 13. In that case there was a contract in writing to convey. Before the conveyance, the purchasers erected new buildings, and made extensive alterations on the premises, in respect to which buildings and alterations a lien was claimed. The court held that the estate of the vendor was not subject to the lien, and, therefore, that his mortgage for purchase money was entitled to priority over the lien claim.