66   623
68    42

THE MAYOR AND COUNCIL OF THE BOROUGH OF SOUTH AMBOY, DEFENDANTS IN ERROR, v. THE NEW YORK AND LONG BRANCH RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted July 9, 1901—Decided November 15, 1901.

1. Ejectment is the appropriate remedy by the borough to recover possession of a dedicated street.
2. The right of the public to appropriate a dedicated street to the public use at any future time, when their wants or convenience may require it, attaches immediately on dedication. Lapse of time will not impair the public right.
3. The seventy-eighth section of the Road act providing "that non-user for more than twenty-years prior to March 24th, 1859, shall operate as a vacation of a highway laid out by surveyors or otherwise," refers to cases where no part of the highway has been used for that period. *Quære.* Whether it applies to a dedicated street.

On error to the Supreme Court.

For the plaintiff in error, *Applegate & Hope.*

For the defendants in error, *H. Brewster Willis* and *Edmund Wilson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   On the 12th day of March, 1836, the owners of certain lands filed a map in the office of the clerk of the county of Middlesex, in this state, known as "the Perrine map," on which was laid out and plotted the town of South Amboy. On this map "Henry street" was plotted, commencing at the Raritan river bay, and running thence in a westerly direction to its terminus near the western limits of the borough.

Immediately thereafter lots on Henry street were sold fronting on said street, express reference being made in the conveyances to said map and to the confines of said street.

This constituted in law an absolute and irrevocable dedi-

cation of Henry street to the public authorities. *Trustees of Methodist Episcopal Church* v. *Hoboken,* 4 *Vroom* 13; *Hoboken Land and Improvement Co.* v. *Hoboken,* 7 *Id.* 540; *Price* v. *Plainfield,* 11 *Id.* 608.

About the year 1872 the defendant railroad company located its railroad in Henry street, and since that date placed an obstruction in that portion of it lying east of Broadway, which prevents the beneficial use of it by the public.

This action of ejectment was brought by South Amboy to compel the removal of the said obstruction; the trial of said cause resulted in a verdict and judgment for the borough.

Ejectment is the appropriate remedy. *Trustees of Methodist Episcopal Church* v. *Hoboken, supra; Hoboken Land and Improvement Co.* v. *Hoboken, supra.*

On the trial of the cause in the court below the counsel of the defendant requested the trial court to charge as follows:

*First.* That the plaintiff had made no proof of an authorized acceptance of Henry street as a public highway.

*Second.* That the plaintiff, in order to recover, was bound to prove an acceptance within a reasonable time after dedication.

*Third.* That if that part of Henry street lying between Broadway and the bay was not opened, worked or used for more than twenty years next before the 24th day of March, 1859, such part became vacated by force of the seventy-eighth section of the Road act. *Gen. Stat., p.* 2821.

The trial court declined to charge the first request, but left it to the jury to say whether there had been an acceptance.

The court also refused to charge in accordance with the second and third requests.

Exceptions were sealed and errors are assigned upon the refusal to charge these several propositions.

The evidence produced on the trial shows that prior to 1860 a number of houses were erected on that part of Henry street lying west of Broadway, and that from about the year 1851 to the time of instituting this suit that part of the street at least was used uninterruptedly by the public, and public money was at times expended upon it.

About the year 1863 Joseph Capner erected a mill east of Broadway, near the bay, and between the lines of Henry street and John street. Soon after this Capner, with the help of his neighbors, filled in the low ground in Henry street, so that loaded wagons could be drawn through it from the bay.

The evidence is plenary that, from that date at least until the street was obstructed by the defendant, wood, brick, stone and other merchandise were landed from vessels at the foot of Henry street and carted westwardly through that street to Broadway and other thoroughfares of the borough.

There was clear and cogent proof of acceptance of the dedicated street by the public, but such acceptance was not necessary to cut off the owner from the power of retraction and subject the street to the public use. The right of the public to appropriate the lands to the public use at any future time, when their wants or convenience require it, attaches immediately on dedication.

Neither the lapse of time nor the act of the municipal government can impair the public right to take possession of a dedicated street. The legislature alone has the power to release the dedicated lands and discharge the public servitude. *Trustees of Methodist Episcopal Church* v. *Hoboken, supra; Hoboken Land and Improvement Co.* v. *Hoboken, supra; Jersey City* v. *Morris Canal,* 1 *Beas.* 547; *Price* v. *Plainfield, supra.*

There was, therefore, no error in the court below in refusing to charge the first two requests made by the defendant.

The third request, that if part of Henry street had not been opened, worked or used for more than twenty years prior to March 24th, 1859, such part was vacated in virtue of the seventy-eighth section of the Road act, remains to be considered.

That question was distinctly presented and passed upon by this court in *Humphreys* v. *Woodstown,* 19 *Vroom* 588.

In the trial court the like request was made in that'case and refused.

This court, by a unanimous vote on the review, said: "The

proposition contained in the request is not the law. The section in the Road act just cited [section 78] refers to cases where no part of the road laid out has been opened and used. A road may be opened, used and worked throughout its entire length, and yet not used and worked on every foot of its entire breadth, and if the *locus in quo,* being within the lines of the road, was not actually passed over by the wheels of vehicles, it would not thereby be vacated. It has been settled in this state that encroachment on a highway cannot be legalized by lapse of time. If the public once acquires a right to any part of a road, it cannot be lost by negligence of public officers."

Dedication of a street is a dedication of it in its entirety. The equivalent which the donor receives is presumably the benefit he may derive from it when accepted by the public. Manifest injustice might be done to the donor, and he might be deprived of any substantial advantage, if the public could select and accept a fraction of the street and reject the balance. An acceptance of part must constitute an acceptance of the whole.

To avoid misconception it is proper to observe—

*First.* That the burden of proof is on the defendant to show affirmatively the non-user for twenty years prior to 1859. There is an absence of evidence upon that point.

*Second.* It is not necessary to determine whether the seventy-eighth section of the Road act applies to a dedicated street, and it is not intended to express any opinion on that subject.

No error appearing in the trial below, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM.    14.

*For reversal*—None.