8 N.J. Super. 524 (1950)
73 A.2d 636
GEORGE VAN TASSEL'S COMMUNITY FUNERAL HOME, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
THE TOWN OF BLOOMFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 12, 1950.
*527 Messrs. Talmage & Waldron (Mr. Frederick C. Waldron), for the plaintiff.
Mr. Thomas J. Markey, for the defendant.
FREUND, J.S.C.
Nearly one hundred and fifty years ago, there was purchased, by subscription, from David Baldwin a strip of land lying between the easterly side of Broad Street and the westerly boundary line of property on Broad Street in the Township of Bloomfield, New Jersey. The deed of David Baldwin conveying the strip of land contained the following provision: "to be and remain to and for the purpose and use of a common or green for the inhabitants of Bloomfield forever and for no other use whatsoever, and it is expressly understood that there shall be no buildings of any description erected on said premises." Since that time, the strip of land has been continuously used and maintained by the municipality for park purposes.
In July, 1947, the plaintiff purchased a vacant lot commonly known as No. 199 Broad Street, in the Town of Bloomfield, which lot abuts the park strip. The plot had formerly been owned by the Thompson family, who had occupied a dwelling on the premises until its demolition in 1944. It is claimed that the Thompsons continuously from 1902 until 1944 drove across the park strip to Broad Street as a means of ingress to and egress from their property. The defendant denies such user was continuous, but admits the user for an indefinite period of time. There is no proof of user since 1944, when the building was demolished.
The contract of the plaintiff for the purchase of the lot contained the following provision:
"Deed shall convey only such right, or easement, if any, which the parties of the first part may have by reason of their ownership, vested or acquired, in any manner with respect to the lands immediately *528 in front of the described premises and running parallel to Broad Street as the same is now laid out, and it is understood the parties of the first part make no representation of any kind with respect thereto, and on the contrary believe no right or easement exists as to the same."
The plaintiff is also the owner of a parcel of land at No. 337 Belleville Avenue, Bloomfield, upon which is erected a building which is used as a funeral home. This parcel adjoins at right angles the plaintiff's lot on Broad Street, which is used by it as parking space for automobiles.
The plaintiff filed its complaint seeking the establishment of an easement for driveway purposes over and across the common or green as a means of ingress to and egress from the westerly sideline of its property to the easterly line of Broad Street, and to enjoin the defendant from interfering with the plaintiff's use of the driveway. The plaintiff bases its right to such easement upon two grounds: (1) that the dedication of the common was invalid because the deed from David Baldwin, dated September 19, 1809, was not recorded until about nine months after its date, during which interim the grantor died, and (2) that the plaintiff's predecessors in title had used a portion of the common as a driveway for over forty years.
The plaintiff argues that as the deed to the park strip was not recorded until after the death of the grantor there was no valid dedication, but "a mere offer to dedicate" which was revoked by the grantor's death. Dedication is the permanent devotion of private property to a public use; no particular form of dedication is required; it may be accomplished by any unequivocal act of the owner manifesting such an intention. Den ex dem. Board of Selectmen, etc., of Jersey City v. Dummer, 20 N.J.L. 86 (Sup. Ct. 1843); Mayor, &c., Jersey City v. Morris Canal & Banking Co., 12 N.J. Eq. 547 (E. & A. 1859); Trustees of Methodist Episcopal Church, Hoboken, v. Council of Hoboken, 33 N.J.L. 13 (Sup. Ct. 1868); Wood v. Hurd, 34 N.J.L. 87 (Sup. Ct. 1869); Black v. Central R.R., 85 N.J.L. 197 (E. & A. 1913); Thompson, Real Property, Vol. 2, § 481. In the Hoboken *529 case, supra, Mr. Justice Depue held "where the right of the public to the use of land rests upon no other foundation than a dedication to public uses, the cases uniformly hold that the easement is vested in the public. * * * It may be valid without any specific grantee in esse at the time, to whom the fee could be granted. And in this respect it forms an exception to the general rule of transferring or creating an interest in lands, as it may be done without a deed, and without any person competent to accept the grant as grantee. The public is an ever existing grantee, capable of taking a dedication for public uses. * * * In fact it is the essence of a dedication to public uses that it shall be for the use of the public at large. * * * There can be no dedication, properly speaking, to private uses. * * * No mere private right can be set up."
It would thus appear from long established rules that there may be a valid dedication without a specific grantee in esse, even without any deed whatsoever. Here, the dedication was to specific grantees by deed, properly executed, witnessed and acknowledged. An intention to dedicate to public use could hardly be expressed more clearly and forcibly than in the language of the Baldwin deed of dedication. Moreover, not only did the grantor convey to specific grantees for specific purposes, but the deed covenanted "the purpose and use of a public common or green and for no other use whatever."
Further, a subscription list, a photostatic copy of which was admitted in evidence, is dated April 24, 1807, more than two years before the date of the deed of dedication. The pledge of subscription reads as follows:
"Thirty days after date we the subscribers promise to pay to John Osborn, Stephen Morris or Isaac Ball (subsequently named grantees in the deed of dedication) the several sums annexed to our respective names either in cash or fensing materials for the purpose of purchasing a certain three-cornered piece of land belonging to David Baldwin to be thrown out for the use of the public.
Bloomfield, April 24th, 1807."
The signatures of forty-one subscribers are annexed to the pledge, among them David Baldwin, the subsequent grantor. *530 In my opinion, the pledge offers conclusive proof not only that as early as two years before the date of the deed, the subscribing citizens of Bloomfield contemplated a dedication of the property to be purchased, but that David Baldwin as the owner of the property to be purchased contemplated its sale and as a public-spirited citizen himself subscribed to its purchase.
The plaintiff argues that the intent of the owner must be followed by an abandonment of his exclusive enjoyment of the property and the intent to accept the land must be followed by its use and appropriation. At this juncture, when the green has been used as a park, maintained by the municipality for nearly one hundred fifty years, during the first span of which the abutting private property was owned and occupied by the heirs of the grantor, it seems little short of fantastic to contend that there was no abandonment nor appropriation. A long line of cases hold that no particular formal acceptance of a dedication is necessary. Any formal action with relation to property dedicated to public use taken by the representatives of the public which can only be legally justified upon the theory that the land dedicated is presently subject to a public user, constitutes a formal acceptance of the dedication. Schmidt v. Spaeth, 86 N.J.L. 179 (E. & A. 1914); Morse v. Essex Fells, 121 N.J. Eq. 202 (Ch. 1936), and cases cited therein. Certainly the land could not have been converted into a park and maintained as such for so long a period of time without such action by the municipal authorities.
The plaintiff further argues as a fact that the deed was not delivered until after the death of David Baldwin. While the record reveals that the deed was not recorded until after the death of the grantor, there is no proof either of delivery or non-delivery. In the absence of evidence to the contrary, a deed is presumed to have been delivered on the day of its date. Huber v. Diebold, 25 N.J. Eq. 170 (Ch. 1874); Atlantic City v. New Auditorium Pier Co., 63 N.J. Eq. 644 (Ch. 1902); Walkowitz v. Walkowitz, 95 N.J. Eq. 249 (E. & A. 1923).
*531 It is significant of David Baldwin's known intention to dedicate that the grantor's son, Simeon Baldwin, witnessed the deed and also was one of the executors of his father's will, and one of his heirs. As a witness to the deed, he had knowledge of it certainly from the date of its execution, and presumably was fully aware of the subscription list as five members of the Baldwin family were subscribers. As the executor of his father's will, he was an interested party and in a position to demand revocation of the dedication by reason of his father's death. On the contrary, after the death of David Baldwin, the deed was recorded, and neither then nor later was the dedication challenged until the institution of the present litigation.
The plaintiff denies the pertinency of Camp v. Whitman, 51 N.J. Eq. 467 (Ch. 1893); but, while that case did not involve the identical property or parties, it did concern the same park strip and an easement for driveway purposes over and across it. The validity of the dedication was not challenged in that proceeding, the easement of driveway over the park strip being sought as a way of necessity. The evidence there disclosed that the plaintiff's neighbors to the north were driving over and across the park strip in order to reach Broad Street. Nevertheless, Vice-Chancellor Pitney denied an easement of driveway over the park strip and granted an easement of driveway to Belleville Avenue over and across the property of the plaintiff's grantor. It is significant that the very relief granted by Vice-Chancellor Pitney, namely, a means of ingress to and egress from Belleville Avenue, is available to the plaintiff here over and across its property at No. 337 Belleville Avenue. Accordingly, it cannot be argued that a way of necessity should be granted to the plaintiff.
The second ground argued by the plaintiff is that the defendant is estopped to deny the use of a driveway over the park strip because the alleged continuous user for approximately forty years vested a right of easement in the plaintiff. Conceding that the municipality acquiesced in the user, neither the plaintiff nor his predecessors in title acquired any *532 right of easement adversely to the public. It is firmly imbedded in our law that the doctrine of adverse possession does not run against the State or its subdivisions. Price v. Inhabitants of Plainfield, 40 N.J.L. 608 (E. & A. 1878); Long Branch v. Toovey, 104 N.J.L. 335 (E. & A. 1927); Osterweil v. Newark, 116 N.J.L. 227 (E. & A. 1935). The park strip having been validly dedicated to public use, the acquiescence of the municipal authorities in the use of portions of it as private driveways was immaterial. The public right of dominion of a property which has been dedicated to public use may lie dormant for years without extinguishment. Osterweil v. Newark, supra; South Amboy v. N.Y. & L.B.R.R. Co., 66 N.J.L. 623 (E. & A. 1901); Seabright v. Central Railroad Co., 73 N.J.L. 625 (E. & A. 1905).
The plaintiff cites many cases, seeking to buttress his argument that equitable estoppel may be invoked against a municipality. None of the authorities upon which the plaintiff relies concerns land dedicated by a private owner to public use, and they are accordingly not applicable. Nor can the plaintiff argue successfully that he was led to believe that an easement of driveway over and across the park strip was an appurtenance to his property. On the contrary, he is estopped by the language of his contract of purchase, as the vendors expressed their belief that no easement existed. If that were not enough, the plaintiff had notice of the recorded deed of dedication.
The plaintiff admits that it is estopped from asserting any claim over the park strip other than the driveway, conceding its use and occupation by the public. If the dedication as to those portions of the park strip was valid, it was valid as to all. Dedication is a dedication in entirety; an acceptance of a part must constitute an acceptance of the whole. South Amboy v. N.Y. & L.B.R.R. Co., supra.
Further, as already pointed out in the comments on Camp v. Whitman, supra, a means of ingress to and egress from Belleville Avenue is available to the plaintiff for the use of its property on Broad Street; what it is seeking to do is to *533 attach to a vacant lot a right of way over and across the park strip for the use of its building and business on Belleville Avenue. It has no right so to do. Diocese of Trenton v. Toman, 74 N.J. Eq. 702 (Ch. 1908).
Judgment for the defendant.