**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2390-23

DEEDRA BREWER,

     Plaintiff-Appellant,

v.

WILLIAM HENDERSON, III,
TOWNSHIP OF COMMERCIAL,
a municipality, WARREN
VIZZARD, individually and in
his official capacity, CLINT
MILLER, individually and in
his official capacity, FLETCHER
JAMISON, in his official capacity,
and JOSEPH KLAUDI, in his
official capacity,

     Defendants-Respondents.

_____

Submitted May 21, 2025 – Decided July 1, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Cumberland County, C-000023-22.

Deedra Brewer, appellant pro se.

Testa Heck Testa & White, PA, attorneys for respondent William Henderson, III (Justin R. White, on the brief).

Seeley Law Office, LLC, attorneys for respondents Township of Commercial, Warren Vizzard, Clint Miller, Fletcher Jamison, and Joseph Klaudi (Thomas E. Seeley and Randi S. Greenberg, of counsel and on the brief).

PER CURIAM

Plaintiff Deedra Brewer appeals from three Chancery Division orders in this property line dispute:  (1) the January 20, 2023 order requiring plaintiff to remove a shed encroaching on defendant William Henderson, III's property; (2) the January 25, 2024 order denying plaintiff's motion for summary judgment and granting the cross-motions for summary judgment of Henderson and defendants Township of Commercial, Warren Vizzard, Clint Miller, Fletcher Jamison, and Joseph Klaudi; and (3) the March 1, 2024 order directing plaintiff to pay $11,412.50 to Henderson's counsel as a sanction for pursuing frivolous claims.[1]  We affirm.

---

[1] Plaintiff's case information statement states she appeals the October 5, 2022 order denying plaintiff's motion for preliminary injunctive relief.  Because plaintiff made no substantive arguments with respect to the October 5, 2022 order in her brief we consider her appeal from that order waived.  "[A]n issue not briefed is deemed waived."  Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025); see also Telebright Corp., Inc. v. Dir., Div. of Tax.,

A-2390-23

I.

Henderson owned residential real property on Main Street in the Port Norris section of Commercial Township (the Property). In 2011, he offered the Property for sale through a multiple listing service. The listing described the Property as having 165 feet of frontage along Main Street and a depth of 122 feet.

Plaintiff, an attorney licensed to practice in another State, visited the Property and made an offer to purchase it without meeting or speaking to Henderson. On September 2, 2011, plaintiff signed a contract to purchase the Property. The contract listed the Property's dimensions as 165 feet by 122 feet and stated it was being sold "as is," "as seen," and subject to any easements and restrictions of record an accurate survey might disclose. Henderson thereafter executed the contract.

Prior to the closing, plaintiff retained a surveyor to prepare a survey of the Property. The survey, which was completed on December 30, 2011, indicates the Property has 165 feet of frontage on Main Street and abuts along its eastern property line a thirty-three-foot-wide right of way designated as Jeffries Road.

---

424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

A-2390-23

The survey shows a wood rail fence and two maple trees in the right of way and outside the eastern boundary of the Property. Plaintiff received the survey at or around the time of the January 17, 2012 closing. Although plaintiff appreciated the importance of the survey, she elected not to read it before closing on the Property. The deed memorializing the sale refers to an older survey of the Property, which states that it is 165 feet by 121.75 feet.

At the time plaintiff purchased the Property, Jeffries Road was an unimproved paper road owned by the township. Henderson owned a parcel to the east of Jeffries Road across the right of way from the Property and a parcel to the north of the Property that also abutted the right of way. Prior to the sale, Henderson placed recycled asphalt on part of the Jeffries Road right of way in the area of the Property to facilitate access to his parcels to the east and north of the Property. The recycled asphalt was to the east of the wooden fence and maple trees in the right of way. Plaintiff also used the asphalt portion of Jeffries Road to reach a driveway on the northern end of the Property.

A photograph in the record demonstrates that a visual inspection alone, absent a survey, might lead a person to reasonably infer the wooden fence and trees were aligned along the eastern boundary of the Property and the asphalt strip was Jeffries Road. However, the survey in plaintiff's possession when she

4

purchased the Property clearly indicated the fence and trees were in the middle of the Jefferies Road right of way outside the eastern boundary of the Property and the right of way was wider than the existing asphalt strip installed by Henderson.

In August 2022, Henderson removed the wooden fence from the Jeffries Road right of way and trimmed the maple trees. In response, on August 23, 2022, plaintiff, believing the fence and trees were on the Property, filed an order to show cause and verified complaint in the Chancery Division naming Henderson as a defendant. She alleged Henderson, either personally or at his direction, damaged the Property by removing two large boulders, cutting two large limbs from the maple trees, removing the wooden fence, and digging. She also alleged Henderson stated he would move a shed on the Property he alleged was encroaching on his parcel to the north. The court entered an order to show cause restraining Henderson from "[d]estroying [the] trees, fence, [and] garden [at the Property and] the lawn[,] and any property west of Jeffries Road" near the Property.

On September 6, 2022, plaintiff filed an amended complaint. She alleged: (1) she was entitled to an order removing a cloud on title to the Property because the deed filed after her purchase of the Property erroneously stated its frontage

is 165 feet along Main Street, "when previous deeds, the location of Jeffries Road and other landmarks show the actual distance is 181.5 feet, being 165 feet plus 16.5 feet, one rod[;]" (2) Henderson engaged in a constructive fraud by "fail[ing] to disclose the fact that he did not intend to sell the fence, garden, and trees at the side of the [P]roperty with the rest of the [P]property" when he entered into the contract with plaintiff; and (3) Henderson trespassed on the Property and caused damage thereto. She requested the court enter an order reforming the deed to place the eastern boundary of the Property at the location of the wooden fence in the Jeffries Road right of way, quieting title to the Property, and awarding her damages.

On September 12, 2022, plaintiff filed a second amended complaint. She abandoned her claim of constructive fraud and asserted claims of common law fraud and consumer fraud against Henderson based on the same allegations.

On October 5, 2022, the court entered an order denying plaintiff's request for preliminary injunctive relief. In an oral decision, the court found plaintiff had not established she would suffer irreparable harm in the absence of an injunction. The court reasoned in the event plaintiff prevailed on her substantive claims, monetary damages could adequately compensate her for the removal of the fence and damage to the maple trees and lawn. The court also found the

A-2390-23

material facts supporting plaintiff's claim were in dispute, she had not established Henderson deprived her of a settled legal right, or demonstrated the balance of equities favored entry of preliminary injunctive relief.

On January 9, 2023, plaintiff filed a third amended complaint. She added a claim of intentional infliction of emotional distress against Henderson. She alleged Henderson destroyed the wooden fence while she was at church with the intention of causing her emotional harm.

Henderson thereafter moved for an order directing plaintiff to remove the shed he alleged was encroaching on his parcel north of the Property. He certified he was developing his parcel with a residence and discovered plaintiff's shed was encroaching on his lot. He certified plaintiff failed to respond to a request to move the shed. Plaintiff opposed the motion.

On January 20, 2023, the court entered an order directing plaintiff to remove the shed from Henderson's property. In a written decision, the court found Henderson produced evidence clearly establishing the shed was encroaching on his parcel and plaintiff produced no convincing evidence to the contrary. The court found Henderson had a settled legal right to remove plaintiff's shed. In addition, the court concluded the encroaching shed was preventing Henderson from developing his property and monetary damages

7

would be insufficient to address that harm. Finally, the court found the balance of equities favored entry of injunctive relief.

In early March 2023, the township removed the maple trees, relocated a utility pole in the right of way near the eastern border of the Property, and paved the entire width and length of the Jeffries Road right of way where it abuts the Property. The paved road permits access to Henderson's parcel north of the Property.

On March 8, 2023, plaintiff filed a fourth amended complaint. She added as defendants: (1) the township; (2) Vizzard, Mayor of Commercial Township; (3) Miller, Public Works Supervisor of Commercial Township; and (4) Jamison and Klaudi, two members of the township's governing body. Plaintiff alleged: (1) she had a claim of adverse possession to the portion of the Jeffries Road right of way west of the wooden fence; (2) defendants violated the Fifth and Fourteenth Amendments of the United States Constitution, Articles 1, 20, and 21 of the New Jersey Constitution, 42 U.S.C.A. § 1983, and 42 U.S.C.A. § 1985 by taking possession of a twenty-foot section of land along the eastern boundary of the Property in the Jeffries Road right of way; (3) the township, Vizzard, Jamison, Klaudi, and Miller acted under color of law and in conspiracy with Henderson to deprive plaintiff of due process and equal protection; (4) the

township, Vizzard, Jamison, and Klaudi, are not entitled to Eleventh Amendment or qualified immunity; (5) Miller recklessly removed the utility pole; (6) Klaudi and Jamison acted in concert with Vizzard to take plaintiff's property at a meeting of the township governing body; (7) plaintiff obtained title to a portion of the Jeffries Road right of way through adverse possession; and (8) Henderson caused plaintiff to be charged with criminal trespass for standing in the Jeffries Road right of way. Plaintiff sought restoration of her claimed ownership of the portion of the Jeffries Road right of way between the wooded fence and the eastern boundary of the Property, as well as compensatory and punitive damages.

After discovery, the parties cross-moved for summary judgment. In support of its motion, the township submitted a report by an engineer detailing the boundaries of the Jeffries Road right of way and any existing features within the right of way. The report was based on a review of the chain of title since 1987, tax maps, and five surveys, including the survey plaintiff obtained when she purchased the Property. The engineer reported the Jeffries Road right of way was clearly defined by iron pipes at the Property and surrounding parcels and is thirty-three feet wide. He opined the existing asphalt was installed by

Henderson and did not occupy the entire right of way, although "[i]ndividuals might have thought that . . . drive was in fact Jeffries Road."

An expert retained by plaintiff, but not named by her as an expert witness, also surveyed the Property. He agreed the boundaries of the Property were properly marked and the size and location of the Jeffries Road right of way was as described by the township's expert. He agreed the wooden fence and maple trees were on township property in the Jeffries Road right of way at the time plaintiff purchased the Property. He testified he advised plaintiff to "drop" her complaint, as there was no basis to proceed with her claim that she owned any portion of the Jeffries Road right of way.

On January 25, 2024, the court entered an order denying plaintiff's motion for summary judgment, granting defendants' cross-motions for summary judgment, and dismissing the fourth amended complaint. In a thorough and well-reasoned written decision, the court found each of plaintiff's claims to be meritless. The court summarized the strength of the evidence with respect to the location of the Jeffries Road right of way:

> As one of the [p]rofessional [l]and [s]urveyors has testified, "this is Surveying 101." Six surveys have been performed of the subject property. All six surveys agree with each other. All six agree as to the legal description. All six agree with where Jeffries Road is located. The only person who disagrees with the

10

description is the [p]laintiff. Her thought that she owned the property in question is simply insufficient to deny summary judgment. Her bald assertion is contrary to every single expert opinion that has been provided.

This conclusion formed the basis for the court denying plaintiff's claims, each of which is predicated on the argument she owned the portion of the Jeffries Road right of way west of the wooden fence and maple trees.

With respect to plaintiff's request for an order quieting title to the Property, the court concluded, "[t]here is no[] title that needs a quiet title action. The evidence before the [c]ourt is so one-sided that summary judgment must be granted . . . ."[2]

With respect to plaintiff's common law fraud claim against Henderson, the court found:

> There is not a scintilla of evidence before the [c]ourt that [d]efendant Henderson told her that the property which is Jeffries Road was being conveyed to her or that he had an ownership interest in the same. The contract of sale was clear. . . . Defendant Henderson never met with the [p]laintiff and had no conversations with her until after the contract was signed. The contract allowed [p]laintiff to obtain a survey. She did. The survey is accurate and depicts accurately the property lines and clearly shows that the fence and trees

---

[2] Although the written decision states summary judgment must be granted on this claim to "[p]laintiffs," it is clear the court intended to conclude summary judgment must be granted to defendants.

in question were outside of her property line and part of Jeffries Road.

The court also found Henderson, as an individual who is not in the business of selling real estate, was not subject to the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210. In addition, the court found that if Henderson was subject to the CFA, he was entitled to summary judgment because the record contained no evidence he told plaintiff the Property included any portion of the Jeffries Road right of way or concealed the fact the fence and maple trees and the land between them and the eastern boundary of the Property were within the right of way and outside the boundaries of the Property.

With respect to plaintiff's claim of intentional infliction of emotional distress against Henderson, the court found

> the facts fall far short of that which would be required. Defendant's actions of removing a fence located on Township [p]roperty, cutting several limbs off a tree which belonged to the Township, removing boulders on Township [p]roperty and asking [p]laintiff to move her shed off his property is simply not behavior that can be considered so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.
>
> . . . .
>
> It is simply disingenuous to allege that [d]efendant Henderson's conduct was sufficiently severe to cause

genuine and substantial emotion distress or mental harm to the average person.

The court concluded plaintiff's trespass claim was meritless because it was predicated on the false contention she owned the portion of the Jeffries Road right of way west of the wooden fence and maple trees.

Finally, the court concluded plaintiff's tort claims against the township and its employees and officials were barred by the Tort Claims Act (TCA), N.J.S.A. 59:8-1 to 8-11, because plaintiff did not file a notice of tort claim. However, the court also concluded those claims were substantively deficient because they predicated on the incorrect claim plaintiff owned a portion of the Jeffries Road right of way. Plaintiff's adverse possession claim failed, the court concluded, because her alleged use of the land west of the wooden fence was not open, notorious, and hostile and her eleven-year ownership of the Property was short of the statutory period necessary to establish adverse possession.

Henderson thereafter moved for an award of sanctions pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1, the Frivolous Litigation Act.[3] He sought $26,985 in attorney's fees and $1,166.41 in costs. Plaintiff opposed the motion.

---

[3] On October 17, 2022, Henderson sent a frivolous litigation notice to plaintiff as required by Rule 1:4-8(b).

A-2390-23

On March 1, 2024, the court entered an order granting Henderson's motion in part. In an oral decision, the court found once plaintiff was advised by the expert she hired she had no viable claims against Henderson, her continued pursuit of her claims became frivolous. The court concluded the record did not establish the date on which the expert informed plaintiff her claims against Henderson were meritless. However, at his July 24, 2023 deposition, the expert recounted having provided his opinion to plaintiff. The court found as of the date of the expert's deposition, plaintiff was on notice her claims against Henderson had no basis in law or fact. The court concluded plaintiff's pursuit of her claims against Henderson after that date was frivolous and awarded attorney's fees incurred by Henderson for services from July 24, 2023, forward.

The court found the hourly rate charged by Henderson's attorney was reasonable based on his training and experience and the attorney's time records did not contain duplicate entries. The court determined the fees charged by Henderson's counsel after July 24, 2023, totaled $11,412.50. The court declined to award costs. The March 1, 2024 order directed plaintiff to pay $11,412.50 to Henderson's counsel within ninety days.

This appeal followed. Plaintiff argues the trial court erred when it: (1) entered the January 20, 2023 preliminary injunction directing her to move her

14

shed; (2) denied her motion for summary judgment and granted defendants' cross-motions for summary judgment because either the record establishes her ownership of the land in the Jeffries Road right of way west of the wooden fence or disputed issues of material fact relating to her claim to own that property should be resolved by a jury; and (3) concluded she pursued frivolous claims against Henderson and awarded sanctions.

II.

A.    January 20, 2023 Preliminary Injunction.

The standards for granting preliminary injunctive relief are well established: (1) whether a party would suffer irreparable harm if relief is not granted; (2) whether the claim rests on settled law and has a reasonable probability of success on the merits; and (3) whether the balance of hardships to the parties demonstrates that greater harm would result from not issuing the stay than if it were issued. Garden State Equality v. Dow, 216 N.J. 314, 320 (2013) (citing Crowe v. De Gioia, 90 N.J. 126 (1982)).

Our review of the record revealed no basis on which to disturb the motion court's entry of the January 20, 2023 preliminary injunction. Henderson supported his motion with a survey indicating plaintiff's shed was encroaching on the parcel he owned to the north of the Property. Plaintiff, on the other hand,

A-2390-23

did not submit competent evidence the shed was situated entirely on the Property. Henderson, therefore, established a likelihood of success on the merits of his encroachment claim. In addition, Henderson sought the preliminary injunction because he intended to develop his parcel with a residence, which required removal of the encroaching shed. We agree with the motion court's conclusion the shed's interference with development of Henderson's parcel constituted irreparable harm that could not be compensated with damages at the conclusion of the litigation. Finally, Henderson sought only to compel plaintiff to move the shed a few feet to remove it from his parcel and comply with setback requirements, a relatively minor burden. The record also supports the court's conclusion the balance of equities favored entry of the preliminary injunction.

B.      January 25, 2024 Summary Judgment Order.

We review a grant of summary judgment de novo, applying the same standard as the motion court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).

"Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the motion court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005)). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523-24 (1995).

We reviewed the record and find no basis on which to reverse the denial of plaintiff's summary judgment motion and grant of summary judgment in favor

of defendants. The record contains numerous surveys, including the survey plaintiff obtained prior to purchasing the Property, that unequivocally established the Property has 165 feet of frontage on Main Street and a thirty-three-foot-wide right of way for Jeffries Road immediately adjacent to its eastern boundary. The survey in plaintiff's possession prior to the closing depicted the wooden fence and maple trees located outside the eastern boundary of the Property and in the right of way. While plaintiff, based only on her visual inspection of the Property, may have thought the wooden fence and trees marked the eastern boundary of the Property and the asphalt strip installed by Henderson occupied the entire width of Jeffries Road, the survey she commissioned before she purchased the Property contradicted her visual impression. Plaintiff, an attorney, recognized the significance of the survey but elected not to review it before purchasing the Property. She cannot claim to have been defrauded with respect to the Property's boundaries or to have obtained title to township property based on inferences she drew through her visit to the Property.

As the motion court noted, plaintiff produced no survey indicating the Property included any portion of the right of way or extended beyond 165 feet of frontage on Main Street. To the contrary, the expert plaintiff retained during discovery determined plaintiff had no basis on which to claim ownership of any

18

portion of the Jeffries Road right of way and advised plaintiff to dismiss her claims against Henderson.

Nor did plaintiff produce any evidence suggesting Henderson told her she was purchasing from him any portion of the right of way or any land beyond the 165 feet of frontage on Main Street. There was, therefore, no basis for plaintiff's fraud, consumer fraud, intentional infliction of emotional distress, or trespass claims against Henderson. Those claims were based on plaintiff's belief, which was unsupported by evidence in the record, she owned a portion of the Jeffries Road right of way or was told she was purchasing that property.

We also agree with the motion court's conclusion plaintiff did not establish her claims against the township or its employee or official defendants. With respect to plaintiff's tort claims, she did not file a notice of tort claim pursuant to the TCA. Failure to do so is fatal to those claims. N.J.S.A. 59:8-8.[4]

We also agree with the motion court's conclusion that even if plaintiff filed a notice of claim, her tort claims were substantively deficient. As with plaintiff's claims against Henderson, the predicate for each of her claims against the township defendants is that she owned the portion of the Jeffries Road right

---

[4] We find no basis in the record for plaintiff's claim she substantially complied with the notice provisions of the TCA. See Guerrero v. City of Newark, 216 N.J. Super. 66, 70-74 (App. Div. 1987).

of way west of the wooden fence. However, the record contained no evidence supporting plaintiff's belief she held title to that property, which is owned by the township.

Plaintiff's constitutional claims against the township defendants are not barred by her failure to file a notice of tort claim. See Owens v. Feigin, 194 N.J. 607, 609 (2008) (TCA's notice-of-claim provisions do not apply to claims asserted under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2); Schneider v. Simonini, 163 N.J. 336, 372 (2000) (TCA's notice-of-claim provisions are inapplicable to civil rights actions under 42 U.S.C. § 1983). However, like her tort claims, plaintiff's constitutional claims were based on the proposition, unsupported by record evidence, she owned a portion of the Jeffries Road right of way.

Finally, we find no basis on which to reverse the motion court's conclusion plaintiff could not establish a claim to any portion of the right of way through adverse possession. Plaintiff, who purchased the Property in 2012, could not establish the twenty- or thirty-year statutory periods of adverse possession. See N.J.S.A. 2A:14-30; N.J.S.A. 2A:14-7; N.J.S.A. 2A:14-31. Nor does the record support plaintiff's claim prior owners of the Property maintained open, notorious, and hostile possession of the western portion of the right of way that

could be tacked on to plaintiff's years of possession. See Stump v. Whibco, 314 N.J. Super. 560, 567-70 (App. Div. 1998). Moreover, the motion court correctly concluded plaintiff could not meet the heavy burden of proving adverse possession of land designated for use as a public right of way. See Devins v. Borough of Bogota, 124 N.J. 570, 574 (1991). Plaintiff did not pay taxes on the right of way or act in a way that put the township on notice she was engaged in the open, notorious, and hostile use of any portion of the right of way. Simply tending trees, planting flowers, and mowing the lawn was insufficient to constitute adverse possession of land owned by the municipality and dedicated to public use. See, e.g., George Van Tassel's Community Funeral Home, Inc. v. Town of Bloomfield, 8 N.J. Super. 524, 531-33 (Ch. Div. 1950).

C.   March 1, 2024 Order Imposing Sanctions.

We review a decision on a motion for frivolous lawsuit sanctions under "an abuse of discretion standard." United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009) (citing Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)). We will reverse such a decision only if "it 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error

in judgment.'"  McDaniel v. Lee, 419 N.J. Super. 482, 498 (App. Div. 2011) (quoting Masone, 382 N.J. Super. at 193).

Rule 1:4-8 and N.J.S.A. 2A:15-59.1 authorize sanctions and reasonable attorney's fees against parties for bringing frivolous litigation before the court. N.J.S.A. 2A:15-59.1(a) provides that a prevailing party in "a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous."  To find a complaint frivolous:

> [T]he judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:  (1) The complaint . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or (2) The nonprevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1(b).]

"For purposes of imposing sanctions under Rule 1:4-8, an assertion is deemed 'frivolous' when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'"

A-2390-23

United Hearts, 407 N.J. Super. at 389 (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)). Therefore, "[w]here a party has reasonable and good faith belief in the merit of the cause," a motion for sanctions will be denied. Perez, 391 N.J. Super. at 432. Indeed, "[t]he nature of conduct warranting sanction under Rule 1:4-8 has been strictly construed," and "'the term "frivolous" should be given a restrictive interpretation' to avoid limiting access to the court system." Id. at 432-33 (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561-62 (1993)).

The record amply supports the imposition of sanctions against plaintiff. As the motion court found, an expert retained by plaintiff surveyed the Property and, like every other surveyor who delineated the Property's boundaries, determined its frontage on Main Street was 165 feet and a thirty-three-foot-wide right of way for Jeffries Road was adjacent to its eastern boundary. The surveyor informed plaintiff she did not have a valid claim of title to any portion of the right of way and should withdraw her claims against Henderson. The expert's advice, along with the absence of any evidence Henderson informed plaintiff she was purchasing the land in the right of way west of the wooden fence, definitively established plaintiff's claims against Henderson were baseless. The imposition of sanctions equal to the reasonable attorney's fees

23

Henderson incurred after the expert advised plaintiff to dismiss her case was appropriate.

To the extent we have not specifically addressed any of plaintiff's remaining contentions, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

24